HENRY LIVESEY, APPELLEE, v. JOHN R. HAMILTON ET AL., APPELLEES, AND JAMES G. WINSTANLEY ET AL., APPELLANTS.

FILED MARCH 18, 1896.   No. 6351.

1. **Mechanics' Liens: WAIVER: NOTES.** The mere fact that the owner of real property has i n his note for a portion of the amount due for materials furnished for making erections on his property does not relieve such property from a mechanic's lien filed against the same for the entire amount of the material so furnished.

2. ――――: ――――: ――――. Where a party has furnished materials for the improvement of real property and in all respects has complied with the mechanic's lien law in respect thereto, his rights will not be *held* destroyed merely because in taking a note for the amount due he has described himself by the fanciful designation of the "Western Cornice Works," where there is no claim that thereby anyone was misled or injured.

APPEAL from the district court of Douglas county. Heard below before WALTON, J.

*Weaver & Giller*, for appellants.

*Kennedy, Gilbert & Anderson* and *Wharton & Baird, contra.*

RYAN, C.

The appellants in this case are James G. Winstanley and Jacob B. Emminger, purchasers of

certain real property from John R. and Francis
Hamilton, .by whom improvements thereof had
been previously contracted for.   The case was
begun in the district court of Douglas county by
Henry Livesey, as the assignee of a mechanic's
lien held by John McGowan on account of serv-
ices rendered and material furnished by him.
The contract between McGowan and John R. and
Francis A. Hamilton consisted of an oral accept-
ance of a written bid for doing certain of the
work specified and for furnishing such material
as therefor should be required.   There was no
necessity that this mere bid should be attached
to the claim for a lien, for it was not a written
contract.

It is urged that Livesey cannot maintain an
action as the assignee of the claim for a lien, be-
cause such lien, as alleged, was not perfected
when the assignment thereof was made.   The
filing was of date October 22, 1891.   The assign-
ment was made February 25 thereafter, so that
the facts are not correctly assumed for the pur-
poses of this argument.   Before the claim for a
lien was filed J. R. Hamilton gave his note for
$500, a part of the amount due to John McGowan,
who indorsed the same to Henry Livesey, by
whom it was discounted at a bank.   Not being
paid at maturity the note was taken up by Henry
Livesey, who now holds the same as owner.   As
already stated, McGowan transferred to Henry
Livesey his whole claim for a lien as an entirety.
We, therefore, cannot understand how this as-
signment can be injuriously affected by the mere
fact that Livesey holds a note for $500 evidencing
as due him a part of the claim in respect to which
the mechanic's lien held by him was filed.   There

was no evidence that this note was given or accepted as payment. Therefore, no good reason exists for treating it as a *pro tanto* satisfaction of the lien assigned to Livesey.

There was made a defendant Christian Specht, by whom there was filed a cross-petition in which he alleged that under a verbal agreement he had furnished material and performed labor in improving the real property above referred to; that after allowing all credits for payments made there still remained due $280. There was in the cross-petition of Christian Specht this language: "This defendant further represents that as a part of said indebtedness the said John R. Hamilton executed and delivered to this defendant by the name, style, and description of Western Cornice Works, his promissory note for the principal sum of $265," etc. There are urged in opposition to the enforcement of Mr. Specht's lien the objections that the above described note had been by him used as collateral security, and that whatever claim really exists is in favor of the Western Cornice Works and not in favor of Specht. As indicated by the language above quoted, the designation "Western Cornice Works" was not employed to indicate a corporation or company, but it was a picturesque and fanciful description of Mr. Specht, invented and used by himself. The evidence shows that he was the sole proprietor and manager of the business and property and controlled it absolutely, although in doing so its proprietorship and management were referred to by him as that of the "Western Cornice Works." By this fiction no one was deceived, and it is not suggested that any one interested was not aware of the identity of Christian Specht with the

Western Cornice Works. There was, therefore, no substantial reason for not granting the relief prayed by Mr. Specht, as was done in the district court, for no other objection has been urged except that there was not set up in connection with the claim for a mechanic's lien a written contract with Mr. Specht. This objection is of the same unsubstantial character as that which, in this action, was set up adversely to Henry Livesey, and must therefore be held unavailing.

No other question is discussed by the appellants, and the judgment of the district court is

AFFIRMED.